UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES KENDRICK,

        Plaintiff,                CASE NUMBER: 10-13752

                                        HONORABLE VICTORIA A. ROBERTS

v.

WAYNE COUNTY, ET AL,

        Defendants.

_____/

## ORDER

**I.    INTRODUCTION**

This matter is before the Court on the Internal Revenue Service's and the United States' Motion to Dismiss. (Doc. 19).

The Court **GRANTS** the motion.

**II.    BACKGROUND**

On September 21, 2010, Plaintiff, a prisoner, filed a *pro se* Complaint against Wayne County, the State of Michigan, the Internal Revenue Service, and the United States of America, after several of his Freedom of Information Act (FOIA) requests were denied. Plaintiff alleges the Defendants wrongfully withheld the information he requested. He attempts to state claims for violation of his First and Fifth Amendment rights, violation of the FOIA, violation of the Privacy Act, and common law negligence.

**III.    STANDARD OF REVIEW AND ANALYSIS**

A. **Privacy Act Claims**

Defendants say that to the extent Plaintiff alleges a claim under the Privacy Act for Defendants' failure to release his tax information, the claim must be dismissed because Defendant is not authorized to request the information under the Privacy Act. The Court agrees.

When reviewing a 12(b)(6) motion to dismiss, the trial court "must construe the complaint liberally in the plaintiff's favor and accept as true all factual allegations and permissible inferences therein." *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994) (citing *Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir. 1976)). Although this standard does not require "detailed factual allegations," it requires more than the bare assertion of legal conclusions unsupported by facts. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555-577 (2007).

To survive a motion to dismiss, a complaint must allege enough facts that, if true, show the claim for relief "is plausible on its face." *Id.* at 570. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 129 S.Ct.1937, 1950 (2009) (quoting Fed. R. Civ. P. 8(a)(2)).

Complaints filed by *pro se* litigants are to be construed liberally and are not to be held to the same stringent standard as formal pleadings drafted by licensed attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). When examining a *pro se* complaint, special care should be taken to determine whether any set of facts would entitle the plaintiff to relief. *Hughes v. Rowe*, 449 U.S. 5, 10 (1980). However, it is not the role of the Court "abrogate basic pleading essentials in *pro se* suits." *Wells v. Brown*, 891 F.2d

591, 594 (6th Cir. 1989).

The Privacy Act entitles an individual to access and to obtain copies of agency records pertaining to himself. 5 U.S.C. § 552a(d)(1). However, the IRS and United States say the Privacy Act does not govern access to tax information; they say tax records are governed exclusively by § 6103 of the Internal Revenue Code (IRC). They say the Privacy Act, which addresses records in general, is trumped by the more specific provisions of § 6103 as a matter of statutory interpretation. The Court agrees.

Section 6103 of the IRC prohibits the IRS from disclosing a taxpayer's return information to the public. 26 U.S.C. § 6103(a). However, this section also requires the IRS to disclose a taxpayer's return information to that taxpayer, if the request is made in writing. 26 U.S.C. §6103(e)(1).

Both the Seventh Circuit and the District of Columbia Circuit hold that a taxpayer must request his tax records under § 6103 instead of the Privacy Act. *See Cheek v. IRS,* 703 F.2d 271 (7th Cir. 1983); *Lake v. Rubin,* 162 F.3d 113 (D.C. Cir. 1998). These appear to be the only circuit courts to have addressed this issue. This Court finds the reasoning of these circuits persuasive, and agrees that Plaintiff must pursue his request for his tax information under 26 U.S.C. § 6103.

Plaintiff fails to state a claim under the Privacy Act against the IRS and United States; this claim is dismissed.

### B.    Freedom of Information Act (FOIA) Claims

Defendants say the Court lacks subject matter jurisdiction over Plaintiff's FOIA claims. The Court agrees.

To defeat a motion to dismiss for lack of subject-matter jurisdiction, "the plaintiff must show that the complaint 'alleges a claim under federal law, and that the claim is substantial.'" *Mich. S. R.R. Co. v. Branch & St. Joseph Counties Rail Users Ass'n, Inc.*, 287 F.3d 568, 573 (6th Cir. 2002) (quoting *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1248 (6th Cir. 1996)). The plaintiff "will survive the motion to dismiss by showing 'any arguable basis in law' for the claims set forth in the complaint." *Id.* (quoting *Musson*, 89 F.3d at 1248).

"Rule 12(b)(1) motions to dismiss for lack of subject-matter jurisdiction generally come in two varieties: a facial attack or a factual attack." *Gentek Blding Products, Inc. v. Steel Peel Litigation Trust,* 491 F.3d 320, 330 (6th Cir. 2007) (citing *Ohio Nat. Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)). If the attack on jurisdiction is a facial attack on the complaint, the court must accept the allegations in the complaint as true and construe them in a light most favorable to the non-moving party. *United States v. A.D. Roe Co., Inc.,* 186 F.3d 717, 721-722 (6th Cir 1999). If the attack is factual, however, the court may weigh evidence and resolve factual disputes. *Ohio Nat. Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990).

Here, Defendants do not question whether Plaintiff sufficiently alleges a FOIA claim; instead, Defendants say Plaintiff cannot make a showing of all the elements of a FOIA claim. Based on Plaintiff's alleged inability to show each element of the claim, Defendants say this Court lacks jurisdiction. The Court construes this as a factual attack on subject matter jurisdiction.

Because the attack is factual, no presumption of truthfulness applies to Plaintiff's allegations. *Genteck,* 491 F.3d at 330. A factual attack is "a factual controversy, [and]

4

the district court must weigh the conflicting evidence to arrive at the factual predicate that subject-matter does or does not exist." *Id.* "[A] trial court has wide discretion to allow affidavits, documents and even a limited evidentiary hearing to resolve disputed jurisdictional facts." *Ohio Nat. Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990).

FOIA confers jurisdiction on district courts "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld." 26 U.S.C. § 552(a)(4)(B). Under the FOIA, "federal jurisdiction is dependent upon a showing that an agency has (1) 'improperly'; (2) 'withheld'; (3) 'agency records.'" *Kissinger v. Reporters Committee for Freedom of the Press,* 445 U.S. 136 (1980). "Unless each of these criteria is met, a district court lacks jurisdiction to devise remedies to force an agency to comply with the FOIA's disclosure requirements." *United States Dept of Justice v. Tax Analysts,* 492 U.S. 136, 142 (1989)

Defendants say Plaintiff cannot show they improperly withheld agency records; they performed an adequate search, and no records were identified. Defendants say they cannot improperly withhold records they do not have. They attach affidavits in support; one is from the person who originally processed Plaintiff's FOIA requests. She explains the method of the searches performed, and says the searches produced no results. She says she searched for Plaintiff's Individual Master File by Plaintiff's social security number. She says the database she searched contains all information related to tax returns filed by taxpayers and by third parties. She says the search turned up no Individual Master File, so she ended her search. She says that without a master file result, there are no other databases to search.

5

Defendants ask the Court to find that it has no jurisdiction because their reasonable search shows they do not possess any records to improperly withhold. They say Plaintiff cannot rebut this evidence because he fails entirely to address Defendants' arguments. The Court agrees.

An agency must possess records in order to improperly withhold them under the FOIA. *See Kissinger,* 445 U.S. at 155. Because the Defendants show they conducted a good faith, reasonable search for the requested documents, and no responsive documents were identified, they did not improperly withhold them. Absent an improper withholding, the Court lacks jurisdiction to devise a remedy. *See Vonderheide v. IRS,* 194 F.3d 1315 (6th Cir. 1999) (unpublished) (affirming dismissal for lack of subject matter jurisdiction where "IRS provided evidence in the form of affidavits that it had conducted a good faith search and that it did not possess the requested documents"); *Robert v. Dept of Health and Human Servs,* 78 Fed. Appx. 146 (2d Cir. 2003) (affirming dismissal for lack of subject matter jurisdiction because agency did not possess responsive documents, and plaintiff failed to show any improper withholding).

**C.     The Court Lacks Jurisdiction Under 28 U.S.C. § 1357**

Plaintiff also relies on a 28 U.S.C. § 1357 for subject matter jurisdiction:

"The district courts shall have original jurisdiction of any civil action commenced by any person to recover damages for any injury to his person or property on account of any act done by him, under any Act of Congress, for the protection or collection of any revenues, or to enforce the right of citizens of the United States to vote in any State." 28 U.S.C. § 1357.

The Court fails to see how this statute applies to Plaintiff's FOIA claims. This statute confers jurisdiction to district courts for "revenue cases and voting rights cases."

*City of Albuquerque v. U.S. Dept of Interior,* 379 F.3d 901, 907 n.1 (10th Cir. 2004). Moreover, FOIA does not authorize monetary damages as a remedy for violations. *See Savage v. FBI,* 124 F.3d 199, 199 (6th Cir. 1997).

This statute does not confer jurisdiction for Plaintiff's FOIA claims.

### D.  Plaintiff's Remaining Claims

Defendants argue that the remainder of Plaintiff's claims must be dismissed because the Court cannot exercise supplemental jurisdiction where it does not have original jurisdiction; however, Defendants fail to address Plaintiff's First and Fifth Amendment claims. If Plaintiff states claims for violation of Constitutional rights, this Court has jurisdiction over them, and may exercise supplemental jurisdiction over any remaining state law claims pursuant to 28 U.S.C. § 1367(a).

Generally, this Court declines to consider dismissal of a claim unless a defendant unambiguously requests its dismissal and states persuasive grounds in support. However, Plaintiff proceeds *in forma pauperis* (IFP). When reviewing IFP complaints, Congress empowered the Court to *sua sponte* dismiss the case at any time if the IFP plaintiff fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B).

Upon review of Plaintiff's Complaint, he fails to allege any facts in support of either Constitutional claim. Accordingly, the Court dismisses Plaintiff's First and Fifth Amendment claims for failure to state a claim on which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6); 28 U.S.C. § 1915(e)(2)(B)(ii).

Because the Court dismisses all claims over which it has original jurisdiction, it declines to exercise supplemental jurisdiction over any remaining state law claims. *See*

28 U.S.C. § 1367(c).

## IV. CONCLUSION

Defendants' motion to dismiss is **GRANTED**.

Plaintiff's Privacy Act, First Amendment, and Fifth Amendment claims against the IRS and United States are dismissed under 12(b)(6).

Plaintiff's FOIA claims against the IRS and United States are dismissed under 12(b)(1).

The Court expresses no opinion on Plaintiff's claims against Wayne County and the State of Michigan. These Defendants have not yet been served. The Marshals will continue their attempts to effectuate service on these Defendants.

**IT IS ORDERED.**

                                            **s/Victoria A. Roberts**
                                            **Victoria A. Roberts**
                                            **United States District Judge**

**Dated: June 29, 2011**

> **The undersigned certifies that a copy of this document was served on the attorneys of record and Charles Kendrick by electronic means or U.S. Mail on June 29, 2011.**
>
> **s/Carol A. Pinegar**
> **Deputy Clerk**