UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES KENDRICK,

       Plaintiff,                CASE NUMBER: 10-13752

                                  HONORABLE VICTORIA A. ROBERTS

v.

WAYNE COUNTY, ET AL,

       Defendants.

_____/

## ORDER

**I.   INTRODUCTION**

This matter is before the Court on the State of Michigan's Motion to Dismiss. (Doc. 39).

The Court **GRANTS** the motion.

**II.   BACKGROUND**

On September 21, 2010, Plaintiff, a prisoner, filed a *pro se* Complaint against Wayne County, the State of Michigan, the Internal Revenue Service (IRS), and the United States of America, claiming that several of his Freedom of Information Act (FOIA) requests were denied and that his attempts to file documents with the State were rejected. Plaintiff alleges the IRS, United States, and Wayne County wrongfully withheld the information he requested. He also alleges that the Secretary of State wrongfully refused to file a document and failed to return it under seal. He attempts to

state claims for violation of his First and Fifth Amendment rights, violation of the FOIA, violation of the Privacy Act, and common law negligence.

On June 29, 2011, the Court dismissed all claims against the IRS and United States. (Doc. 34).

The State of Michigan now asks the Court to dismiss Plaintiff's claims against it for lack of jurisdiction.

### III.     STANDARD OF REVIEW

To defeat a motion to dismiss for lack of subject-matter jurisdiction, "the plaintiff must show that the complaint 'alleges a claim under federal law, and that the claim is substantial.'" *Mich. S. R.R. Co. v. Branch & St. Joseph Counties Rail Users Ass'n, Inc.*, 287 F.3d 568, 573 (6th Cir. 2002) (quoting *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1248 (6th Cir. 1996)). The plaintiff "will survive the motion to dismiss by showing 'any arguable basis in law' for the claims set forth in the complaint." *Id.* (quoting *Musson*, 89 F.3d at 1248).

"Rule 12(b)(1) motions to dismiss for lack of subject-matter jurisdiction generally come in two varieties: a facial attack or a factual attack." *Gentek Blding Products, Inc. v. Steel Peel Litigation Trust,* 491 F.3d 320, 330 (6th Cir. 2007) (citing *Ohio Nat. Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)).  If the attack on jurisdiction is a facial attack on the complaint, the court must accept the allegations in the complaint as true and construe them in a light most favorable to the non-moving party.  *United States v. A.D. Roe Co., Inc.,* 186 F.3d 717, 721-722 (6th Cir 1999).  If the attack is factual, however, the court may weigh evidence and resolve factual disputes.  *Ohio Nat. Life*

*Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990).

Because this appears to be a facial attack on the complaint, the Court accepts Plaintiff's allegations as true and construes them in the light most favorable to him.

### IV.   ANALYSIS

Defendant says the Court should dismiss Plaintiff's claims against it because the Court dismissed the federal Defendants, and the claims against the State do not present federal questions.  The Court agrees.

On June 29, 2011, the Court decided it lacked subject matter jurisdiction over Plaintiff's FOIA claims against the federal Defendants. The Court also decided that Plaintiff failed to state a claim for violation of the Privacy Act and for violation of any of his Constitutional rights.  With no remaining federal claims against these Defendants, the Court declined to exercise supplement jurisdiction over the state law claims against them.

Moreover, the Court *sua sponte* dismissed Plaintiff's FOIA claims against Wayne County for failure to state a claim on which relief may be granted under the *in forma pauperis* statute.  See 28 U.S.C. § 1915(e)(2)(B).

Plaintiff does not attempt to state any federal claims against the State of Michigan, so no federal claims remain.  Because the Court dismissed all claims over which it has original jurisdiction, it declines to exercise supplemental jurisdiction over any remaining state law claims. *See* 28 U.S.C. § 1367(c).

Since the only remaining claims in this case are under state law, the Complaint is dismissed in its entirety.

### V.   CONCLUSION

3

Defendant's motion to dismiss is **GRANTED**.

Plaintiff's Complaint is **DISMISSED.**

**IT IS ORDERED.**

**S/Victoria A. Roberts**
**Victoria A. Roberts**
**United States District Judge**

**Dated:  September 1, 2011**

**The undersigned certifies that a copy of this document was served on the attorneys of record and Charles Kendrick by electronic means or U.S. Mail on September 1, 2011.**

**s/Carol A. Pinegar**
**Deputy Clerk**

4